IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EDNA ZAHNEE,<br>　　　　Plaintiff,<br><br>　v.<br><br>RICHARD DONALDSON, *et al.*,<br>　　　　Defendants. | :<br>:<br>:<br>:　Civ. No. 24-cv-1849<br>:<br>:<br>:<br>: |

**Diamond, J.**                                                                           **July 10, 2024**

### MEMORANDUM

Last year, the state court dismissed Edna Zahnee's negligence suit against the Southeastern Pennsylvania Transportation Authority on immunity grounds. Zahnee now seeks to revive that action, filing a second Complaint and adding another defendant and new claims. Because the gravamen of both suits is the same, however, I will dismiss on res judicata grounds.

**I.  BACKGROUND**

As alleged, on May 19, 2022, Richard Donaldson, a SEPTA employee, assaulted Zahnee on the Eastbound Market Frankford train platform. (Doc. No. 1-3 at 6.) On May 16, 2023, Zahnee filed a one-count Complaint against SEPTA in the Philadelphia Common Pleas Court. (Doc. No. 5-4 at 2, 77.) Zahnee alleged vicarious liability: that an unidentified assailant (later revealed to be Donaldson) was "acting within the scope of employment and/or agency of defendant SEPTA and/or was/were acting in service of and/or furtherance of the interests of" SEPTA. (Id. at 6.) Paragraph 13 of the 2023 Complaint included Zahnee's sole cause of action, negligence: negligent hiring, training and supervision; negligent policy making, and negligent policing. (Id. at 7-8.)

SEPTA filed preliminary objections to Paragraph 13, which the state court sustained, dismissing the Paragraph "with prejudice for failure to state cognizable causes of action fitting into

any exception to SEPTA's Sovereign Immunity." (Doc. No. 5-4 at 13-28, 45); Pa. R. Civ. P. 1028. SEPTA then moved for judgment on the pleadings. (Doc. No. 5-4 at 47-56); Pa. R. Civ. P. 1034. Because Zahnee's Complaint no longer included a cause of action, the state court entered judgment "in favor of Defendant SEPTA and against the Plaintiff on all claims." (Doc. No. 5-4 at 74.) The court once against stated that it had struck Zahnee's causes of action "with prejudice" on sovereign immunity grounds, noting that "it is not possible for Plaintiff to amend and cure the legal insufficiencies of the Complaint." (Id. at 74 n.1.)

On March 28, 2024, Zahnee filed the instant Complaint against Donaldson and SEPTA, again in the Philadelphia Common Pleas Court. (Doc. No. 1-3.) Defendants removed to this Court. (Doc. No. 1.) Both the 2023 and 2024 Complaints are based entirely on the attack Zahnee suffered. In the instant Complaint, Zahnee includes assault, battery, and negligence claims against Donaldson, and § 1983 claims against both Donaldson and SEPTA. (Doc. No. 1-3.)

Defendants have moved to dismiss on res judicata grounds. (Doc. Nos. 1, 5.) The matter is fully briefed. (Doc. No. 6.)

**II.    LEGAL STANDARDS**

**A.    Motion to Dismiss**

I must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008); Fed. R. Civ. P. 12(b)(6).

**B.    Res Judicata**

"[T]he preclusive effects of prior cases are determined by the law of the prior forum"—here, Pennsylvania. Paramount Aviation Corp. v. Agusta, 178 F.3d 132, 145 (3d Cir.1999); see

Heck v. Humphrey, 512 U.S. 477, 480 n. 2 (1994) ("The res judicata effect of state court decisions in § 1983 actions is a matter of state law."). The Commonwealth

> bars a later action on all or part of the claim which was the subject of the first action. Any final, valid judgment on the merits by a court of competent jurisdiction precludes any future suit between the parties or their privies on the same cause of action.

Balent v. City of Wilkes–Barre, 669 A.2d 309, 313 (Pa. 1995). As Zahnee acknowledges, "[r]es judicata applies not only to claims actually litigated, but also to claims which could have been litigated during the first proceeding if they were part of the same cause of action." Balent, 669 A.3d at 313; see Int'l Prisoners' Union v. Rizzo, 356 F. Supp. 806, 810 (E.D. Pa. 1973) ("A plaintiff must recover all damages arising from given operative facts in a single action when the first forum has the ability to give the relief sought in the second forum."); (Doc. No. 6 at 5 ("Res judicata is not limited to the specific issues raised and decided in the prior proceeding and also bars matters that could have been raised and decided in the prior proceeding.").) Moreover, where "the same evidence is required to support a final determination in a former action and in a subsequent action, res judicata bars the second action." Commonwealth ex rel. Bloomsburg State Coll. v. Porter, 610 A.2d 516, 520 (Pa. Cmwlth. Ct. 1992).

The reasoning here is compelling. In the absence of such a limitation, the same plaintiff could bring his claims—all based on the same underlying events—seriatim, raising new causes of action as each is dismissed. See Stevenson v. Silverman, 208 A.2d 786, 788 (Pa. 1965) ("The doctrine of res judicata is based on public policy and seeks to prevent an individual from being vexed twice for the same cause."); Marshall v. Park Plaza Condo. Ass'n., No. 98-2912, 1999 WL 689735, at *3 (E.D. Pa. Sept. 3, 1999) ("Res judicata avoids excessive and duplicative costs and efforts of litigation, averts potential inconsistency in decisions, and conserves judicial resources. Its purpose is to avoid piecemeal litigation." (quotations omitted)); 18 Charles A. Wright & Arthur

R. Miller, Federal Practice and Procedure § 4403 (3d ed. 2024) (Purposes of res judicata are "preserving the acceptability of judicial dispute resolution," "avoiding the public burdens of repetitious litigation," and "interest of former litigants in avoiding the parallel private burdens."); 10 Standard Pennsylvania Practice 2d § 65:71 (2024) ("The doctrine is based largely on the grounds of fairness and sound judicial administration. The rationale is to bring an end to repetitious or vexatious litigation by requiring that at some point litigation of a particular controversy come to an end.").

Res judicata thus bars a later action when the two matters share:

> (1) the thing sued upon or for; (2) the cause of action; (3) the persons and parties to the action; and (4) the capacity of the parties to sue or be sued.

R & J Holding Co. v. Redevelopment Auth. of Cnty. of Montgomery, 670 F.3d 420, 427 (3d Cir. 2011) (citing Bearoff v. Bearoff Bros., Inc., 327 A.2d 72, 74 (Pa. 1974)).

Although it is an affirmative defense, res judicata may be raised at the 12(b)(6) stage. Rycoline Prod., Inc. v. C & W Unlimited, 109 F.3d 883, 886 (3d Cir. 1997).

### III. DISCUSSION

#### A. Final decision on the merits.

Zahnee argues that the 2023 state court dismissal was not a final merits decision because it was issued before discovery and was not issued with prejudice. (Doc. No. 6 at 6.) This is plainly wrong.

The state court explicitly dismissed Zahnee's negligence claims "with prejudice," granting judgment in favor of SEPTA on sovereign immunity grounds, noting that it was "not possible for Plaintiff to amend and cure the legal insufficiencies of the Complaint." (Doc. No. 5-4 at 74.) Zahnee offers no authority to support of her contention that the court's subsequent entry of

judgment in favor of SEPTA and against Zahnee "on all claims" does not constitute a final judgment.

Nor does Zahnee support her contention that any judicial decision made before discovery begins cannot have been "on the merits." To the contrary, state and federal courts have repeatedly ruled that pre-discovery dismissals on immunity grounds and judgments on the pleadings are valid and final. See, e.g., Kerper v. Travelers Home & Marine Ins. Co., No. 2488 EDA 2013, 2014 WL 10919326, at *3 (Pa. Super. Ct. June 25, 2014) ("We first note that the judgment on the pleadings . . . operates as a final judgment on the merits of the case."); Roe v. Pa. Game Comm'n, No. 17-186, 2018 WL 1296478, at *4 (M.D. Pa. Mar. 13, 2018); Wallace v. Fed. Emps. of U.S. Dist. Ct., No. 07-1132, 2008 WL 1886107, at *4 (E.D. Pa. Apr. 28, 2008) (dismissal on judicial privilege and immunity a "final judgment on the merits"), aff'd sub nom. Wallace v. Fed. Emps. of U.S. Dist. Ct., EDPA, 325 F. App'x 96 (3d Cir. 2009).

### B. Identity of the thing to be sued upon and causes of action.

The thing to be sued upon is the same in both suits: the alleged assault Zahnee suffered. She nonetheless urges that each suit has distinct causes of action: the first Complaint included only negligence claims; she now seeks relief against SEPTA under § 1983 as well. (Doc. No. 6 at 7.) "[C]hanging the form of action does not excuse a party's second claim from the doctrine of res judicata," however. Kerper, 2014 WL 10919326, at *3. "[T]he mere advancement of a different legal theory does not necessarily give rise to a different cause of action." Turner v. Crawford Square Apartments III, L.P., 449 F.3d 542, 549 (3d Cir. 2006). When determining the identity of the causes of action,

> rather than resting upon the specific legal theory invoked, res judicata generally is thought to turn on the essential similarity of the underlying events giving rise to the various legal claims. . . . [I]n determining whether a single cause of action is present one may consider the identity of the acts complained of, the demand for recovery,

the identity of witnesses, documents, and facts alleged. A lack of identity of these facets would, of course, support the conclusion that there is no identity of cause of action.

McArdle v. Tronetti, 627 A.2d 1219, 1222 (Pa. Super. Ct. 1993) (citations omitted).

Here, the events on which Zahnee bases her claims are the same in both actions. Indeed, Zahnee uses almost identical language in both Complaints to describe the underlying assault. (Compare Doc. No. 5-4 at 5 ("On approximately May 19, 2022, Plaintiff was on the East-bound Market Frankford train platform (52nd Street) and/or the subject train car, when she was assaulted, by employee(s), agent(s) and/or ostensible agent(s) of defendant, causing her to fall and be injured.") with Doc. No. 1-3 at 6 ("On approximately May 19, 2022, Plaintiff was on the East-bound Market Frankford train platform (52nd Street) and/or the subject train car, when she was assaulted by defendant SEPTA police officer Donaldson, causing her to be injured.").)

In addressing similarly successive state and federal complaints, the Third Circuit ruled that res judicata barred the second suit:

> [T]he actions share the same acts complained of, identity of witnesses, documents and facts alleged . . . [B]y interposing a theory of liability under [federal law] in the district court that she had withheld in the common pleas court, Turner did not create a separate cause of action and thereby insulate her claim in the district court from the application of the doctrine of res judicata. Rather, what she did do was ensure that neither court would consider her [federal] claims on the merits. Even though this result may seem to be unfortunate, it is a product of her own litigation strategy, and she is obligated to accept it.

Turner, 449 F.3d at 549-50; see also Balent, 669 A.3d at 315 (second action including constitutional claims barred because two actions were based on same wrongful acts and "would require that the parties rehash the facts and legal arguments presented" in first action).

Applying Turner here, Zahnee's causes of action undoubtedly share an identity.

Zahnee urges that the causes of action in the two suits are not identical: she explains that

she was unable to proceed against Donaldson in the first action as she did not learn his identity until November 2023.  (Doc. No. 6 at 7-8.)  Once again, this is not correct.  Like countless others, Zahnee could have proceeded against the unnamed defendant using a John Doe placeholder.  Pa.R. Civ. P. 2005 (A "plaintiff . . . may designate an unknown defendant by a Doe designation in a complaint" where the "defendant's actual name is unknown to plaintiff . . . after having conducted a reasonable search with due diligence").  Zahnee also could have sought pre-complaint discovery.  See Pa. R. Civ. P. 4001(c); McNeil v. Jordan, 894 A.2d 1260, 1278 (Pa. 2006) ("[To] obtain pre-complaint discovery a litigant should be required to demonstrate his good faith as well as probable cause that the information sought is both material and necessary to the filing of a complaint in a pending action.").

In these circumstances, both Zahnee's suits share identities of the things to be sued upon and the causes of action.

### C. Identity of the persons or parties to the action and capacity of the parties suing or being sued.

SEPTA is a Party to both suits and is sued in the same capacity in both.  The addition of Donaldson requires a more complex analysis.

As I have discussed, Zahnee initially sought to impose vicarious liability on SEPTA because of its employee's actions.  Because Zahnee thus alleged that Donaldson (whose name was then unknown) acted within the scope of his employment, there is privity between Donaldson and SEPTA.  See Michelson v. Exxon Rsch. & Eng'g Co., 629 F. Supp. 418, 423 (W.D. Pa. 1986), aff'd, 808 F.2d 1005 (3d Cir. 1987); Turner, 449 F.3d at 548 n.11 ("Pennsylvania courts apply the doctrine of res judicata 'to different parties where one is vicariously responsible for the conduct of another, such as principal and agent or master and servant.'") (quoting Day v. Volkswagenwerk Aktiengesellschaft, 464 A.2d 1313, 1317 (1983)); 3G Wireless, Inc. v. Metro PCS Pennsylvania

LLC, No. 15-6319, 2016 WL 823222, at *6 (E.D. Pa. Mar. 2, 2016).

Zahnee now argues that the Parties and Parties' capacities are not identical because Donaldson was acting *outside* the scope of his employment with SEPTA. Zahnee is estopped from making this contradictory argument.

Judicial estoppel has three threshold requirements:

> [F]irst, the party in question must have adopted irreconcilably inconsistent positions; second, the party must have adopted these positions in 'bad faith'; and third, there must be a showing that judicial estoppel is tailored to address the harm and that no lesser sanction would be sufficient.

Chao v. Roy's Const., Inc., 517 F.3d 180, 186 n. 5 (3d Cir. 2008).

In Perelman, the plaintiff sought to allege that the defendant—former Judge Arlin Adams, by then a member of the Schnader law firm—had been acting outside the scope of employment at Schnader. Perelman v. Adams, 945 F. Supp. 2d 607, 619-20 (E.D. Pa. 2013), aff'd (Oct. 25, 2013). Because Perelman had alleged in prior, related litigation that Adams was an agent of Schnader, the Court estopped Perelman from pursuing this contradictory allegation. Id. The Court further observed that Perelman had imputed Adams's purportedly wrongful actions to Schnader in seeking to hold the firm liable:

> To now claim that Defendant was not acting as an agent of the . . . Firm constitutes a 180 degree turn from Plaintiff's position in previous litigation. While a party may change or modify a legal theory to meet emerging facts, the opposite is not true. Facts cannot be changed to meet new legal theories. Under the circumstances, the Court finds that the efforts to now decouple Defendant from the . . . Firm without pointing to any intervening facts from those asserted in the [previous litigation], constitutes bad faith. Therefore, Plaintiff is judicially estopped from making such a misrepresentation to the Court on this late day.

Id.

The same circumstances obtain here. In her first Complaint, Zahnee alleged the unknown man (later identified as Donaldson) acted within the scope of his employment as an agent of SEPTA. (Doc. No. 5-4 at 6.) Zahnee thus sought to hold SEPTA liable for Donaldson's actions.

(See id. at 8 (SEPTA "is vicariously liable for the acts and/or omissions of its agents [and] employees").) Yet, Zahnee now alleges exactly the opposite: that Donaldson acted outside the scope of his SEPTA employment. Significantly, Zahnee bases this contradictory contention on factual allegations respecting her assault that are identical to those in her prior Complaint. (Compare Doc. No. 1-3 at 5-7 with Doc. No. 5-4 at 5-7.) She includes no "intervening facts from those asserted" in her 2023 pleading, thus demonstrating bad faith.

Zahnee responds that SEPTA's present allegations are at odds with its position in the 2023 Case, where it alleged that Donaldson's actions were outside the scope of his employment. (Doc. No. 6 at 8.) Yet again, this is incorrect. Unlike Zahnee, SEPTA has not changed its position. In its preliminary objections to the 2023 Complaint, and in seeking dismissal of the instant Complaint, SEPTA nowhere suggested that Donaldson's actions were within the scope of his employment.

In these circumstances, Zahnee is estopped from contradicting herself and proceeding against SEPTA and Donaldson. See Perelman, 945 F. Supp. 2d at 620.

### IV. CONCLUSION

The basis of both Zahnee's actions is the same: the allegedly wrongful actions of a SEPTA employee. In dismissing her first suit on the merits, the state court thus necessarily precluded her from proceeding with the second suit regardless of Zahnee adding new claims and a new defendant. Serious as Zahnee's assault allegations are, she may not pursue them a second time. I am thus compelled to grant Defendants' Motion to Dismiss.

An appropriate Order follows.

BY THE COURT:

/s/ Paul S. Diamond
_____
Paul S. Diamond, J.

July 10, 2024